# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KRISTINE POE,

        Plaintiff,

  vs.

CDCR, et al.,

        Defendants.

1:12cv01691 DLB PC

ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND

Plaintiff Kristine Poe ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on October 15, 2012. Plaintiff names the California Department of Corrections ("CDCR"), Correctional Officer N. Holguin, Madera Community Hospital and Central California Women's Facility ("CCWF") Warden D.K. Johnson as Defendants.[1]

**I.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On November 30, 2012, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at CCWF, where the events at issue occurred.  She alleges that on June 15, 2010, she was taken to Madera Community Hospital ("MCH") for a vaginal wall biopsy.  The procedure occurred around 9:00 p.m., and she was placed under general anesthesia.  After the procedure, she was given two injections for pain.  Plaintiff was discharged between 11:30 p.m. and 12:00 a.m.  Defendant Holguin was leading Plaintiff by her sweatshirt, with his back to her, to the van in the parking lot.  During the transport, Plaintiff stepped on her ankle restraints, fell to the ground and broke her left elbow.

Two hospital staff heard the fall and came over.  One staff member asked if Plaintiff was hurt and Plaintiff indicated that her elbow hurt.  Both staff members felt a deformity in her elbow and the ER staff was alerted.  Plaintiff was placed in a cervical collar and put on a backboard.  In the ER, Plaintiff had an x-ray and was given Vicodin for pain.  The x-ray showed a fracture at the left elbow and her arm was placed in a splint.

Plaintiff asked for her discharge orders and the nurse told her that she had folded them up and placed them in an envelope with her x-rays.  Plaintiff was discharged from MCH between 4:30 a.m. and 5:00 a.m.  When she returned to CCWF, she was given her discharge orders.

The next morning, Plaintiff was seen by Dr. Ray, a gynecologist.  Dr. Ray asked if Plaintiff had any reason to believe that there was packing left in her vagina.  She told Dr. Ray that the hospital had not said anything about it.  Plaintiff also saw a nurse after an arm x-ray and asked for ice.  The nurse refused, stating that people "take advantage of it."  The nurse told Plaintiff to elevate her arm.

By June 17, 2010, Plaintiff became aware that there was packing left.  The next morning, she notified Ms. Maggie, an L.V.N., who told Plaintiff that she would be called by Ms. Skelton, R.N.  By noon, Plaintiff had not been called so Ms. Maggie walked her in to see Ms. Skelton.  Plaintiff explained why she was there.  One of the nurses made a call and told her she would see

the doctor in two weeks. Plaintiff told her that she was worried about an infection and the nurse told Plaintiff to put in a co-pay, which she did.

On June 20, 2010, Ms. Perry called Plaintiff's housing unit and told her that she would be seen no later than 11:00 a.m. on Monday, June 21, 2010. Plaintiff was never called.

On June 23, 2010, Plaintiff was taken to another hospital for what she thought was to get a cast on her left arm. When she arrived, she was told that she would need surgery on her elbow.

Plaintiff states that she now has a wire in her elbow and has been seen in physical therapy three times. She was able to remove the packing herself.

Based on the relief sought, it appears that Plaintiff believes that MCH failed to follow hospital policy by not placing Plaintiff in a wheelchair after discharge. She explains that she was forced to walk after being sedated, in ankle restrains. She contends that she has a disability from a disease that caused several strokes, resulting in a severe limp.

Plaintiff requests compensation from MCH and CDCR based on their failure to place her in a wheelchair upon discharge. She also requests that CDCR put a policy in place that requires inmates to be transported by wheelchair after being sedated.

### III. ANALYSIS

#### A. Eighth Amendment- Medical Treatment

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective

recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff argues that MCH and Defendant Holguin should have transported her to the van, after discharge, in a wheelchair. She also contends that Defendants CDCR and Warden Johnson are at fault for not ensuring that such a policy was in place. These claims, however, do not rise to the level of deliberate indifference. Although Plaintiff may not have been provided with a wheelchair on her way to the van, there is no indication that Defendants knew of, and disregarded, a substantial risk of harm. At most, Defendants' actions constitute negligence, and even gross negligence does not support a violation of the Eighth Amendment. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Therefore, Plaintiff has failed to state a claim for which relief may be granted. It does not appear that this deficiency can be cured.

B.      Specific Defendants

1.      *CDCR*

Plaintiff names CDCR as a Defendant. However, the Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)). Therefore, Plaintiff may not bring suit against CDCR in federal court because it is a state agency

and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

        2. *Warden Johnson*

Defendant Johnson is a supervisory defendant, and as such, can only be held liable if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Moreover, while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff alleges that Defendant Johnson should have implemented a policy requiring that wheelchairs be used to transport prisoners from the hospital to the transport van. However, Plaintiff makes no allegations that Defendant Johnson was aware that the lack of such a policy could result in an Eighth Amendment violation. Moreover, as explained above, Plaintiff's allegations do not even rise to the level of an Eighth Amendment violation in the first instance.

Accordingly, Plaintiff has failed to state a claim against Defendant Johnson.

## IV. ORDER

Plaintiff's complaint does not state a claim for which relief may be granted, and it does not appear that these deficiencies can be cured. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERD that this action be DISMISSED, WITH PREJUDICE, for failure to state a claim.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

    Dated:   **April 20, 2013**                                  /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE